UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X

UNITED STATES OF AMERICA  :  **FINAL ORDER OF FORFEITURE**

-v.-  :  S2/S3 16 Cr. 576 (JFK)

MICHAEL MAZZARA,
CHARLES KERRIGAN, a/k/a "Duke,"
ANTHONY MASCUZZIO, and
CHRISTOPHER KERRIGAN

Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-15-20
```

------------------------------------ X

WHEREAS, on or about March 30, 2018, the Court entered a Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment (D.E. 222) with respect to defendant Christopher Kerrigan (the "Christopher Kerrigan Preliminary Order"), imposing a money judgment in the amount of $20,841,850.38, in United States currency against Christopher Kerrigan, and forfeiting, *inter alia*, to the United States all right, title and interest of Christopher Kerrigan in the property listed in Appendix A (the "Specific Property") and the property listed in Appendix B (the "Substitute Assets") attached hereto;

WHEREAS, on or about April 16, 2018, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment (D.E. 237) with respect to defendant Michael Mazzara (the "Mazzara Amended Preliminary Order"), imposing a money judgment in the amount of $20,887,360.38, in United States currency against Mazzara, and forfeiting, *inter alia*, to the United States all right, title and interest of Mazzara in the Specific Property and the Substitute Assets;

WHEREAS, on or about April 30, 2018, the Court entered a Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment (D.E. 245) with respect

to defendant Charles Kerrigan (the "Charles Kerrigan Preliminary Order"), imposing a money judgment in the amount of $20,887,360.38 in United States currency against Charles Kerrigan, and forfeiting, *inter alia*, to the United States all right, title and interest of Charles Kerrigan in the Specific Property and the Substitute Assets;

WHEREAS, on or about May 7, 2018, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment (D.E. 249) with respect to defendant Anthony Mascuzzio (the "Mascuzzio Amended Preliminary Order," together with the "Christopher Kerrigan Preliminary Order," the "Mazzara Amended Preliminary Order, and the "Charles Kerrigan Preliminary Order," the "Preliminary Orders of Forfeiture"), imposing a money judgment in the amount of $20,887,360.38 in United States currency against Mascuzzio, and forfeiting, *inter alia*, to the United States all right, title and interest of Mascuzzio in the Specific Property and the Substitute Assets;

WHEREAS, on or about December 12, 2018, the Court entered a Preliminary Order of Forfeiture as to Specific Property and Substitute Assets (16 Cr. 817, D.E. 16) with respect to Heather Kornhaber, forfeiting, *inter alia*, to the United States all right, title and interest of Kornhaber in the Specific Property and certain of the Substitute Assets;

WHEREAS, on or about November 16, 2018, the Court entered a Preliminary Order of Forfeiture as to Specific Property and Substitute Assets (17 Cr. 624, D.E. 8) with respect to Lisa Weldon, forfeiting, *inter alia*, to the United States all right, title and interest of Weldon in the Specific Property and certain of the Substitute Assets;

WHEREAS, the Preliminary Orders of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Orders of Forfeiture, notice of the United States' intent to dispose of the Specific Property and the Substitute Assets,

2

and the requirement that any person asserting a legal interest in the Specific Property and/or the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Orders of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and/or the Substitute Assets and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property and the Substitute Assets before the United States can have clear title to the Specific Property and the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property and the Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on May 26, 2018 for thirty (30) consecutive days, through June 24, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on July 30, 2018 (D.E. 271 and 272);

WHEREAS, on or about May 5, 2018, notice of the Mazzara Amended Preliminary Order, which pertains to all of the Specific Property and Substitute Assets referenced in the Preliminary Orders of Forfeiture, was sent by certified mail, return receipt requested, to all parties believed by the United States to have a potential interest in the Specific Property and/or the Substitute Assets (the "Noticed Parties") attached hereto as Exhibit 1;

WHEREAS, the defendants in this case, Kornhaber, Weldon, and the Noticed Parties are the only persons and/or entities known by the Government to have a potential interest in the Specific Property and/or the Substitute Assets;

WHEREAS, all the claims and petitions filed to contest the forfeiture as to the Specific Property and/or the Substitute Assets have been resolved, no other parties have appeared to contest the action to date, and the statutory time periods for doing so, as set forth in Title 21, United States Code, Section 853(n)(2), have expired;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property following the Court's disposition of all petitions filed under Title 21, United States Code, Section 853(n);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property and the Substitute Assets is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property and the Substitute Assets.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and the Substitute Assets, and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering

and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
September 15, 2020

SO ORDERED:

*John F. Keenan*
HONORABLE JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE